# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made April _____ 2022, by and between Andrea Britton and Sheikka Hereford (together, "Plaintiffs"), on the one hand, and MPKS, Inc., Rockwell Bistro, LLC, Tong Kim, and Veronica Kim (collectively, "Defendants"), on the other. Plaintiffs and Defendants are referred to herein as the "Parties", and individually as a "Party".

**WHEREAS**, Plaintiffs have filed a lawsuit against Defendants in the United States District Court for the Northern District of Ohio, styled Britton, et al. v. MPKS, Inc., et al – Case No.: 1:21-cv-1931-JPC, alleging that Defendants failed to pay Plaintiffs minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act ("FLSA") and the Ohio Minimum Wage and Overtime Compensation Laws (hereafter, "the litigation");

**WHEREAS**, Defendants deny that Plaintiffs were employed by Defendants and/or were not paid properly for all hours worked, deny any violation of the FLSA and/or Ohio Law, and any other claims asserted by Plaintiffs in the litigation, but desire to settle and resolve all claims Plaintiffs may have against Defendants; and

**WHEREAS**, the Parties and their respective counsel believe that this Agreement provides a fair and reasonable resolution for the Parties.

**NOW THEREFORE**, in consideration of the mutual promises and complete mutual releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiffs and Defendants agree as follows:

1. **Settlement Amount and Dismissal of Action**. In consideration of the actions and promises undertaken by Plaintiffs herein (including the releases contained herein) and the dismissal of the litigation, with prejudice by Plaintiffs, Defendants agree to pay Plaintiffs the total sum ██████ ██████████████████████████████ inclusive of attorneys' fees, costs, and interest ("Settlement Amount"), to be disbursed in the following manner:

    i. ███████████████████████████████ shall be paid to the order of Andrea Britton, without deduction, and sent to her counsel of record, Gregg Greenberg, Zipin, Amster & Greenberg, 8757 Georgia Avenue, Suite 400, Silver Spring, MD 20910. The payment referred to herein shall be made after the delivery to counsel for Defendant Rockwell, a Form W-9 executed by Ms. Britton and a copy of her current Driver's License or valid government identification. Ms. Britton will receive an IRS Form 1099 for her portion of the Settlement Amount.

    ii. ███████████████████████████████ shall be paid to the order of Shiekka Hereford, without deduction, and sent to her counsel of record, Gregg Greenberg, Zipin, Amster & Greenberg, 8757 Georgia Avenue, Suite 400, Silver Spring, MD 20910. The payment referred to herein shall be made after the delivery to counsel for Defendant Rockwell, a Form W-9 executed by Ms. Hereford and a copy of her current Driver's License or valid government identification. Ms. Hereford will receive an IRS Form 1099 for her portion of the Settlement Amount.

  iii. ████████████████████ shall be allocated as costs and attorneys' fees and shall be paid to Zipin, Amster & Greenberg and sent to its address at 8757 Georgia Avenue, Suite 400, Silver Spring, MD 20910. The payment referred to herein shall be made after the delivery to counsel for Defendant Rockwell, a Form W-9 executed by Zipin, Amster & Greenberg. Zipin, Amster & Greenberg, will receive an IRS Form 1099 for its portion of the Settlement Amount.

  iv. Within ten (10) calendar days following Plaintiffs' execution of this Agreement, the Parties will cooperatively file a Joint Motion for Court Approval of this Agreement and for dismissal of the litigation, with prejudice.

  v. The Settlement Amount shall be paid in full and delivered to Plaintiffs' counsel of record, Zipin, Amster & Greenberg at 8757 Georgia Avenue, Suite 400, Silver Spring, MD 20910, within ten (10) business days following the Court's approval of this Agreement, and dismissal of the litigation, with prejudice.

  vi. Plaintiffs agree that they are solely responsible for any and all tax payments, liabilities, and filings with regard to their receipt of their individual portion of the Settlement Amount received.

  **2.** **Mutual Release of Claims**. The Parties, on behalf of themselves, their descendants, dependents, administrators, agents, assigns, and successors, hereby covenant not to sue and fully release, acquit, and discharge one another and their respective subsidiaries and affiliates, past, present, future, as well as their respective owners, members, trustees, agents, parent companies, employees, assigns, affiliates (defined as entities sharing a common person or entity owner), and successors (collectively referred to as the "<u>Releasees</u>") with respect to and from any and all claims, wages, demands, assistance, support, rights, liens, agreements, contracts, covenants, actions, suits, rights to appeal, entitlements and notices, causes of action, obligations, debts, costs, expenses, interests, attorneys' fees, contributions, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which they have had at any time heretofore owned or held against said Releasees, including, without limitation, those arising out of or in any way connected with Plaintiffs' employment with Defendants or any other transactions, occurrences, acts or omissions or any loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any of them, committed or omitted prior to the date of the Agreement, and including, without limitation, claims under the FLSA, and any other claim against' Releasees with respect to any matters which were or could have been alleged in the matter. The Parties agree that this Mutual Release of Claims is intended only as a release of claims any Plaintiff may have against any Defendant, and of claims any Defendant may have against any Plaintiff. This Mutual Release of Claims is not intended as a release of claims among the Defendants.

 **3.** **<u>No Return to Premises.</u>** The Parties agree that Plaintiffs shall not return to, nor seek work or employment from, nor be offered any position, work, or employment now or in the future in a business or premises owned, operated and/or managed by Defendants, and any of Defendants'

predecessors, successors, parents, subsidiaries, divisions, affiliates, officers, shareholders, owners, members, directors, agents, employees, representatives, and assigns.

    4.  **Mutual Agreement on Non-Publicity of Settlement and Confidentiality.** The Parties recognize that the terms and conditions of this Agreement, including the amount of the Settlement Amount, and any other terms and conditions contained herein, are not appropriate for publication or disclosure. The Parties recognize and agree that this Agreement is as a result of disputed claims and that the report of the settlement to third parties may cause injury or damage to the Parties. The Parties further understand that this Agreement has been entered into as a matter of compromise to avoid the extensive costs of litigation. Understanding this need for confidentiality, the Parties shall maintain the terms of this Agreement as confidential, including the content of any and all settlement negotiations leading up to this Agreement, and shall not disclose any of the terms of this Agreement to third parties. The Parties, on their own behalves and for their respective agents, agree that other than is necessary to effectuate Court Approval of the Agreement and dismissal of the litigation, with prejudice, they shall not directly or indirectly disclose, divulge, communicate, display, publish, or reveal the nature and terms of this Agreement to any person, except as follows: (a) any governmental agency when such disclosure is required by law; (b) any party when such disclosure is required by a subpoena issued by a court of competent jurisdiction; and (c) any professional advisors retained to assist the Parties with their taxes. The parties shall only indicate to anyone else who inquires that the "matter has been resolved by agreement" or words to that effect.

    5.  **Mutual Non-Disparagement.** The Parties agree and covenant that they shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or maliciously false or disparaging remarks, comments, or statements concerning one another or their businesses, employees, officers, or directors, and any existing and prospective customers, suppliers, investors, and other associated third parties, now or in the future.

This Section does not in any way restrict or impede Plaintiffs from exercising protected rights, including rights under the National Labor Relations Act (NLRA) or the federal securities laws, including the Dodd-Frank Act, to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order.

    6.  **No Admission**. This Agreement shall not in any way be construed as an admission by Defendants that they have acted wrongfully with respect to Plaintiffs or to any other person, or that those individuals have any rights whatsoever against Defendants, and Defendants specifically disclaim any liability to or wrongful acts against Plaintiffs or any other person, on the part of Defendants, or their respective predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its current and former officers, directors, shareholders, employees, agents, and representatives. This Agreement shall not serve or be construed as evidence that any party has prevailed or that Defendants or the Releasees have engaged in any wrongdoing.

    **7. Fair and Reasonable Settlement**.  The Parties agree that the settlement outlined in this Agreement is fair, adequate, and reasonable, and will so represent to the Court.

    **8. Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio.  Any dispute arising under or in connection with this Agreement shall be subject to the exclusive jurisdiction of the state and/or federal courts located in Cuyahoga County, Ohio.

    **9. Severability**.  If any term or other provision, or part of any provision or sentence of this Agreement is invalid, illegal, or incapable of being enforced by any rule or law, or public policy, the provision, or any part of it, or sentence, shall be severed from this Agreement and all other conditions and provisions shall remain in full force and effect.

    **10. Entire Agreement**.  This Agreement constitutes and contains the entire agreement and understanding concerning Plaintiffs' claims against Defendants and their releasees, as well as any other subject matters addressed herein between Plaintiffs and Defendants, and supersedes and replaces all prior negotiations and all prior agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.  Any amendment or modification to this Agreement must be made in writing and signed by Plaintiffs and all Defendants. The drafting of this Agreement shall be deemed a mutual endeavor by all Parties and shall not be construed against any single Party as the drafter.

    **11. Execution**.  The Parties agree that the undersigned are fully authorized to execute this Agreement. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Each Party shall each receive a fully executed original copy of this Agreement. Facsimile and electronic signatures shall be treated as original signatures for all purposes of this Agreement.

    12. **Breach.**  Any Party to this Agreement shall be entitled to an award of costs and attorneys' fees expended in any action in which the party prevails for breach of, and to enforce the terms of, this Agreement , or where the party successfully defends a claim, lawsuit or other type of action which has been waived herein unless otherwise prohibited by applicable law.  This Agreement shall not be admissible as evidence for any reason in any proceeding except one in which a party to this Agreement seeks to enforce this Agreement or allege this Agreement has been breached, in which case the party is only to use the redacted Agreement filed with the Court in this litigation.

    **13. Past Work.**  Plaintiffs agree that this Settlement Agreement and General Release extinguishes and waives any and all potential claims Plaintiffs have or may have as of the date of this Agreement concerning any business or premises owned, operated and/or managed by Defendants, and any of Defendants' predecessors, successors, parents, subsidiaries, divisions, affiliates, officers, shareholders, directors, owners, members, agents, employees, representatives, and assigns to the extent  not prohibited by law. Plaintiffs represent affirmatively that the below are the only adult entertainment clubs they have worked at in the past three years and Plaintiffs represent and affirm they do not have or intend to bring claims at the below said clubs. Plaintiffs further agree not to participate, either as a member and/or representative in any class and/or collective action against the Defendants or any of

Defendants' predecessors, successors, parents, subsidiaries, divisions, affiliates, officers, shareholders, directors, owners, members, agents, employees, representatives, and assigns.

| Andrea Britton | Shiekka Hereford |
|---|---|
| No additional clubs | Lido Lounge |
|  | Club Paradis |

(SIGNATURE PAGE TO FOLLOW)

**The Parties acknowledge that they have read the foregoing Agreement, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.**

_____           _____
**ANDREA BRITTON**                                        **DATE**

_____           _____
**SHIEKKA HEREFORD**                                   **DATE**

_____           _____
**TONG KIM**                                                    **DATE**

_____           _____
**VERONICA KIM**                                          **DATE**

_____           _____
**MPKS, INC.**                                                   **DATE**

_____           _____
**ROCKWELL BISTRO, LLC**                        **DATE**